# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7484 | **DATE** | January 4, 2012 |
| **CASE TITLE** | Larry Frazier (#A-80194) vs. Warden Gerardo Acevedo, et al. | | |

**DOCKET ENTRY TEXT:**

The court construes the petitioner's trust account statement [#3] as a motion to proceed *in forma pauperis* and grants the motion. The respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Larry Frazier, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction for home invasion on the grounds that: (1) his enhanced sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the aggravating factors triggering the extended sentence were not presented to a jury; and (2) trial counsel provided ineffective representation. The case has been transferred to this district because the petitioner was convicted in Cook County. The petitioner having shown that he is indigent, his motion to proceed *in forma pauperis* is granted.

The respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date this order is entered on the clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, procedural default, or timeliness arguments it may wish to present.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a
**(CONTINUED)**

mjm

**STATEMENT (continued)**

certificate of service stating to whom exact copies were sent and the date of mailing. Any document that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

Finally, on the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper respondent.