# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| Larry Frazier, (A80194), | ) |
|---|---|
| Petitioner, | ) |
| | ) Case No. 11 C 7484 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| Gerado Acevedo, Warden,[1] | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Larry Fraizer, a Dixon Correctional Center inmate, brings a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] He was convicted of home invasion and residential burglary in the Circuit Court of Cook County. *Illinois v. Frazier*, No. 1-99-3820 (Ill. App. Ct. Oct. 30, 2001) (direct appeal ruling) (Rule 23 order). (Dkt. 13-1 at 16). He is serving a sixty year prison sentence. Dkt. 13-1 at 16).

**Background**

The following facts are drawn from the state appellate court opinion on direct review, with supplement from the state trial court record, when necessary. "The state court's factual determinations

---

1 On the Court's own motion, Petitioner's present custodian, Donald Enloe, Acting Warden, Dixon Correctional Center, is substituted as Respondent. Fed. R. Civ. P 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

2 The record contains fifteen pages of grievance information from Antonio D. Washington, IDOC Number R20810, alleging that he has been unable to practice his religion in prison. [1-1]. These documents are not relevant to this case. Washington filed a civil rights case in the United States District Court for the Central District of Illinois. *Washington v. Acevedo*, No. 11 C 1385 (C.D. Ill.). The present case was also filed in the Central District of Illinois before it was transferred to this Court. Washington's case and the present case were docketed by the Clerk in the Central District of Illinois on the same day. It appears that Washington's documents were filed in this case in error.

are entitled to a presumption of correctness, and Petitioner has the burden of overcoming this presumption by clear and convincing evidence." *Thompkins v. Pfister*, 698 F.3d 976, 983 (7th Cir. 2012) (citing 28 U.S.C. § 2254(e)(1); *McCarthy v. Pollard*, 656 F.3d 478, 483 (7th Cir. 2011)).

Petitioner invaded the victim's home on September 26, 1995, at approximately 8 a.m. (Dkt. 13-1 at 17. The victim was a sixty-three years old woman at the time of the home invasion. (*Id.*). She lived in a ground floor apartment in Calmuet City, Illinois. She had been making several trips moving items from her car to the apartment. (*Id.*). She had left the door to her apartment open. (*Id.*). Petitioner confronted the victim at the apartment with a coat over his hand. (*Id.*). He told the victim to "give me your money, I'm gonna kill you," as he entered into the apartment and toward the victim. (*Id.*).

The victim moved around the apartment pretending to look for money in various drawers to stall Petitioner from harming her. (*Id.*). At some point, the victim and Petitioner ended up by the victim's nightstand. The victim stored a handgun in the nightstand. (*Id.*). Petitioner took the gun and threatened to shoot the victim if she did not give him any money. (*Id.* at 17-18). The victim gave Petitioner a cookie tin full of pennies, but Petitioner rejected it and dumped the pennies on the floor. (*Id.*).

At this point, the victim ran at Petitioner and grabbed the gun with both hands in an attempt to save her life. (*Id.*). The gun fired during the struggle but the victim was not injured. (*Id.*). Petitioner was able to keep the gun. He put the gun to the victim's head and said, "I'm gon' kill you now." (*Id.*). The victim begged with Petitioner for a chance to find money, and Petitioner agreed. (*Id.*). The victim again went rummaging through her house. (*Id.*). During this period, Petitioner told the victim to give him her car keys. (*Id.*). The victim pitched the car keys to Petitioner. (*Id.*). She noticed that Petitioner did not pick up the keys and she observed a spot of blood on Petitioner. (*Id.*). The victim concluded that

Petitioner had been shot and fled from the apartment. (*Id.*). She ran outside to two police officers who happened to be in the area. (*Id.*).

Petitioner was slumped in a chair holding a tan jacket to his chest in the victim's apartment when the police arrived. (*Id.*).

Various pieces of physical evidence were recovered from the apartment. The victim's gun was found underneath the chair where Petitioner was found slumped and holding the jacket to his chest in the victim's apartment. (Dkt. 13-5 at 256). Petitioner's fingerprints were recovered from the cookie tin. (Dkt. 13-1 at 18-19). Petitioner's clothing was tested by a firearms expert. (*Id.* at 19). The expert concluded that, based on the smoke or powder pattern found on Petitioner's clothes, a firearm was discharged less than twelve inches away from Petitioner's shirt. (*Id.*).

The present habeas corpus petition raises two claims. First is an *Apprendi v. New Jersey*, 530 U.S. 466 (2000), claim. Petitioner was sentenced to an enhanced sentence because the victim was over sixty years old when he invaded her home. The petition argues that this fact was not set forth in the indictment, and the sentencing judge, instead of the jury, found the fact. The sentencing judge also found the fact by a preponderance of the evidence instead of beyond a reasonable doubt. Petitioner also challenges the state appellate court's finding that the *Apprendi* error was harmless beyond a reasonable doubt.

Second, Petitioner raises three ineffective assistance of counsel arguments: (1) trial counsel failed to bring a motion for a sentence reduction before filing the direct appeal; (2) appellate counsel allegedly failed to raise any other issues on direct appeal besides the *Apprendi* issue; and, (3) post-conviction trial counsel was ineffective for not raising the failures by trial and direct appeal counsel.

3

**Legal Standard**

A writ of habeas corpus cannot be issued unless Petitioner demonstrates that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The Court's review of this claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Frazier filed his petition for a writ of habeas corpus *pro se,* and the court will therefore construe the petition liberally. *See Gomez v. Randle,* 680 F.3d 859, 864-65 (7th Cir. 2012). To be entitled to a writ of habeas corpus, Frazier's petition must establish that the state court decision he challenges is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 404-05 (2000). As the Supreme Court explained, a state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See Williams,* 529 U.S. at 405.

With respect to the "unreasonable application" prong under § 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. A state court's application of United States Supreme Court precedent is unreasonable if the court's decision was "objectively" unreasonable. *Harrington v. Richter*, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) ("even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable").

The Court's analysis is "backward looking." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). The Court is limited to the reviewing the record before the state court at the time that court made its

4

decision. *Id.* The Court is also limited in considering the Supreme Court's "precedents as of 'the time the state court renders its decision.'" *Greene v. Fisher*, 132 S. Ct. 38, 44 (2011) (quoting *Cullen*, 131 S. Ct. at 1399; *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)) (emphasis omitted).

"The AEDPA's standard is intentionally 'difficult for Petitioner to meet.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *White v. Woodall*, 134 S. Ct. 1702 (2014); *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786 (2013)). "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). Under § 2254, the court reviewing a habeas petition must first determine the arguments and theories that support, or could support, the state court's decision. *Harrington*, 562 U.S. at 102. Then, the habeas court must evaluate whether fairminded jurists could disagree that the legal underpinnings of the state court decision are inconsistent with Supreme Court precedent. *Id.*

**Discussion**

*1. Apprendi Claim*

Frazier claims that his sentence was improperly enhanced in violation of *Apprendi*. He properly preserved this claim in the state courts, and the state courts adjudicated the claim on the merits. This Court's review is of the direct appeal decision from the Appellate Court of Illinois as the state appellate decision is "'the decision of the last state court to rule on the merits of the Petitioner's claims.'" *Ford v. Wilson*, 747 F.3d 944, 949 (7th Cir. 2014) (quoting *McNary v. Lemke*, 708 F.3d 905, 913 (7th Cir. 2013); *McCarthy v. Pollard*, 656 F.3d 478, 483 (7th Cir. 2011)).

5

Frazier was convicted of home invasion and burglary. (Dkt. No. 13-1 at 16). The burglary conviction was merged into home invasion and the sentence was imposed for home invasion. (*Id.* at 27). He was sentenced on September 27, 1999. (Dkt. No. 13-5 at 369). Under the law in effect at that time, home invasion was a Class X felony. 720 ILCS 5/12-11 (West 1999). The maximum sentence for a Class X felony was thirty years. 720 ILCS 5/5-8-1 (West 1999). The sentencing judge could increase the maximum sentence from thirty to sixty years if he found the presence of aggravating factors. 730 ILCS 5/5-8-2 (West 1999). Committing a felony against a person sixty years or older at the time of the offense was an aggravating factor that the sentencing judge could use to enhance the sentence from thirty to sixty years. 730 ILCS 5/5-5-3.2(b)(4)(ii) (West 1999).

*Apprendi* held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490; *see also Descamps v. United States*, 133 S. Ct. 2276, 2288 (2013) (stating *Apprendi* rule); *United States v. Zuniga*, 767 F.3d 712, 718 (7th Cir. 2014) (same). Here, Frazier's statutory maximum sentence for home invasion was thirty years based on the charge submitted to the jury, and was found beyond a reasonable doubt. The jury did not find beyond a reasonable doubt the fact that the victim was sixty years or older at the time of the home invasion. It was the trial judge that made this finding of fact, which the judge then relied upon to increase the sentence to sixty years of imprisonment. (Dkt. 13-5 at 392-93). The sentencing judge did not have the benefit of *Apprendi* because Frazier was sentenced nine months prior to the *Apprendi* ruling. *Apprendi* was properly raised on direct appeal to the Appellate Court of Illinois.[3]

---

3 *Apprendi* applies to the present habeas corpus petition and there is no retroactivity issue, because *Apprendi* was decided before Petitioner's case was final on direct appeal. *White v. Battaglia*, 454 F.3d 705, 706 (7th Cir. 2006) (citations omitted).

The appellate court rejected Frazier's *Apprendi* argument. The court identified the rule from *Apprendi*. (Dkt. 13-1 at 23) (quoting 530 U.S. at 490) ("Specifically, the Supreme Court stated, 'other than the fact of a prior conviction, any fact that increases the sentence for a crime beyond the prescribed statutory maximum for the relevant offense must be submitted to a jury and proved beyond a reasonable doubt.'"). (Dkt. 13-1 at 25). The state court explained that the victim's age was a "readily ascertainable fact and was testified to at trial." (*Id.*). "The record reveals that the victim's age was undisputed during trial." It then concluded that any *Apprendi* error was harmless. (*Id.*).

Respondent, like the state appellate court, does not contest that there was an *Apprendi* violation, but instead goes directly to the harmless error analysis. Thus, this Court must consider whether the state appellate court's ruling finding the *Apprendi* error was harmless was either contrary to, or an unreasonable application of, clearly established federal law as set forth by the Supreme Court of the United States. *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015). The Supreme Court set forth the harmless error standard in *Chapman v. California*, 386 U.S. 18 (1967). Under *Chapman*, a "constitutional error is harmless when it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Mitchell v. Esparaz*, 540 U.S. 12, 17-18 (2003) (per curiam) (citing *Neder v. United States*, 527 U.S. 1, 15 (1999); *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986); *Chapman*, 386 U.S. at 24).

While it is true that the state appellate court decision did not cite directly to *Chapman*, it was not required to do so. *Early v. Packer,* 537 U.S. 3, 8 (2002). As mentioned above, the Court begins with a presumption that state courts both know and follow the law, *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002), and this presumption is especially strong because the *Chapman* harmless error standard is a well-established legal principle that has been routinely applied in criminal cases for decades before the

7

state court decision in Frazier's case. *Burt*, 134 S. Ct. at 15. Indeed, the state appellate court opinion shows that the court understood and applied the *Chapman* standard. The court explained that the State's argument (which it agreed with) was that the *Apprendi* error was "harmless because any rational trier of fact, had it been charged to do so, would have concluded beyond a reasonable doubt that the victim was the age of sixty years or older." (Dkt. 13-1 at 24). The state court recognized that the harmless error standard required it to find that the error was harmless beyond a reasonable doubt. Thus, the state appellate court properly recognized that *Apprendi* is subject to *Chapman* harmless error analysis. *Washington v. Recuenco*, 548 U.S. 212, 220 (2006); *see also United States v. Mietus*, 237 F.3d 866, 875 (7th Cir. 2001) (recognizing that *Apprendi* errors are subject to harmless error analysis); *Hudgins v. Pierce*, No. 05 C 3465, 2008 WL 4067336, at *6-*7 (N.D. Ill. Aug. 28, 2008) (federal habeas corpus court recognizing that harmless error analysis applies to *Apprendi* error regarding finding of fact as to victim's age used for extended sentence term).

Additionally, the state appellate court's ruling was not an unreasonable application of the *Chapman* harmless error standard. The state court factual finding, which is entitled to the presumption of correctness, concluded that the victim was sixty years or older when the home invasion occurred. This finding is supported by the record. The victim testified to her age at trial. (Dkt. 13-5 at 160, 192). There is no dispute that the victim was sixty years or older when the home invasion occurred. The *Apprendi* violation was harmless beyond a reasonable doubt because the jury would have found that victim was sixty years or older if the issue had been submitted to them. The state court's harmless error ruling is neither contrary to, nor an unreasonable application of, clearly established federal law as set forth by the Supreme Court of the United States in *Chapman*.

8

Beyond the fact that Frazier cannot meet the AEDPA standard, he also cannot show that the *Apprendi* error had a "substantial and injurious effect" in his case. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). To obtain relief under this standard, he must show "actual prejudice." *Davis*, 135 S. Ct. at 2198 (citing *Brecht*, 507 U.S. at 637). There is no prejudice to Frazier because there is no dispute that the victim was sixty years or older when the crime occurred.

Finally, Frazier is not entitled to relief on his argument that the fact of the victim's age was not charged in the indictment. *Apprendi* expressly refused to address whether facts that increase the maximum penalty must be charged in the indictment in state prosecutions. *Kaczmarek v. Rednour*, 627 F.3d 586, 595 (7th Cir. 2010) (citing 530 U.S. at 477 n.3). The Court's evaluation of the state court decision is "backward" looking limiting the Court to the record and clearly established federal law as set forth by the Supreme Court of the United States at the time of the relevant decision. *Cullen*, 131 S. Ct. at 1398. The fact that the Supreme Court refused to answer the issue in *Apprendi* means that there was no clearly established federal law on the point, and so Frazier is barred from obtaining relief on this argument. Frazier's *Apprendi* claim is denied on the merits.

*2. Ineffective Assistance of Counsel Claim*

Frazier raises three ineffective assistance of counsel arguments: (1) trial counsel failed to bring a motion for sentence reduction; (2) appellate counsel on direct appeal failed to raise any other issues on direct appeal other than the *Apprendi* issue; and, (3) post-conviction trial counsel was ineffective for failing to raise the failures by trial and direct appeal counsel. Respondent counters that the first two arguments are procedurally defaulted, and the post-conviction ineffective assistance of counsel argument is non-cognizable. Although ineffective assistance of counsel is a single claim, *Pole v.*

9

*Randolph*, 570 F.3d 922, 934 (7th Cir. 2009) (citing *People v. United States*, 403 F.3d 844, 848 (7th Cir. 2005)), the Court must consider each ineffective assistance of counsel argument separately because Frazier was required to raise the particular factual basis for each aspect of the alleged ineffective assistance of counsel to preserve the respective argument. *Pole*, 570 F.3d at 935 (citing *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007)).

*(a) Effectiveness of Post-Conviction Counsel*

The Court turns to Frazier's third argument of ineffective assistance of counsel first because it is non-cognizable. There is no federal right to a state post-conviction proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). The alleged ineffective assistance of counsel in the post-conviction proceeding only raises an issue of state law. "'[H]abeas corpus relief does not lie for errors of state law.'" *Estelle v. McQuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffres*, 497 U.S. 764, 780 (1990)). Therefore, an allegation of ineffective assistance of post-conviction counsel does not state a cognizable claim for habeas corpus relief. *See* 28 U.S.C. § 2254(i); *Martel v. Clair*, 132 S. Ct. 1276, 1287 n.3 (2012) ("[Section] 2254 prohibits a court from granting substantive habeas relief on the basis of a lawyer's ineffectiveness in post-conviction proceedings . . . .").

*(b) Effectiveness of Trial and Appellate Counsel*

Respondent argues that Frazier's other two ineffective assistance of counsel arguments are procedurally defaulted. "To obtain federal habeas review, a state prisoner must first submit his claim through one full round of state-court review." *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). The prisoner must present the operative facts and controlling law of the claim before the state courts so that the state court has a meaningful opportunity to consider the claim before it is raised in federal court. *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir.

2006) (citations omitted). The prisoner must present the claim through all levels of the Illinois courts including in a petition for leave to appeal (PLA) before the Supreme Court of Illinois. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-46 (1999)). A claim is not preserved for federal habeas review if the state court does not reach the federal issue because it resolves the issue on the basis of a state law that is both independent of the federal question, and adequate to support the state court judgment. *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014) (citations omitted).

Frazier argues that his trial counsel was ineffective for failing to bring a motion for a reduction of sentence. Respondent counters that the argument is procedurally defaulted because it was not presented through one complete round of review in the Illinois courts. Respondent is correct. Frazier failed to raise the argument in his PLA on either direct appeal or post-conviction review. This failure results in the procedural default of this claim. *Boerckel*, 526 U.S. at 842-46.

Frazier also argues that his direct appeal counsel was ineffective for failing to raise any issue except the *Apprendi* claim on appeal. Frazier was represented on appeal by the Cook County assistant public defender. (Dkt. 13-1 at 29). At various times during his direct appeal, Frazier requested the state appellate court to appoint counsel other than the public defender to represent him on appeal. (Dkt. 13-1 at 20, 22). The appellate court denied the requests. (*Id.*). Frazier never moved to represent himself on appeal. (Dkt. 13-1 at 22). The assistant public defender raised the single issue of the *Apprendi* violation on direct appeal. (Dkt. 13-1 at 30). The Appellate Court allowed Frazier to file a *pro se* supplemental brief in which he raised 28 separate claims. (Dkt. 13-1 at 20, 13-2 at 8). The *pro se* supplemental brief argued, among other grounds, that the assistant public defender was ineffective for not raising other issues on appeal. The appellate court struck Frazier's *pro se* brief after acknowledging

11

that it had erred by initially allowing him to file the brief. The appellate court elected not to consider Frazier's *pro se* arguments on direct appeal. (Dkt. 13-1 at 23). Respondent argues that the striking of the *pro se* brief that raised the issue of appellate counsel's failure to raise any issue other than the *Apprendi* issue results in procedural default because the state court rejected the argument on an adequate and independent state law ground.

"As a rule, a state prisoner's habeas claims may not be entertained by a federal court 'when (1) a state court has declined to address those claims because the prisoner has failed to a meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds.'" *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (quoting *Walker v. Martin*, 562 U.S 307, 315 (2011); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)). To be independent, the state court must have actually relied upon the procedural bar as an independent basis for the disposition of the case. *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (citation omitted). To be adequate, the state rule must be "'firmly established and regularly followed.'" *Walker*, 562 U.S. at 316 (quoting *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009)).

Here, the state appellate court decision is clear in its reliance on the state law ground. (Dkt. 13-1 at 23) ("Therefore, for the above reasons, we will not address any of the arguments raised in defendant's *pro se* supplemental briefs. The State's request to strike defendant's supplemental *pro se* briefs is granted."). The state court's decision is also adequate because the rule of Illinois law prohibiting a *pro se* filing when a criminal defendant is represented by counsel was both firmly established and regularly followed when the appellate court made its decision in Frazier's case in October 2001. As early as 1952, the Supreme Court of Illinois stated that "[a]n accused has either the right to have counsel act for him or the right to act himself. . . . [I]t is obvious that both of these rights

12

cannot be exercised at the same time." *Illinois v. Ephraim*, 103 N.E.2d 363, 365 (Ill. 1952). The Supreme Court of Illinois reaffirmed the rule in 1983. *Illinois v. Williams*, 454 N.E.2d 220, 227 (Ill. 1983) ("There is no reason to depart from the holding of *Ephraim* that a defendant has no right to both self-representation and the assistance of counsel.") The Appellate Court of Illinois routinely followed the rule from *Ephraim* and *Williams* in the years preceding Frazier's case. *See Illinois v. White*, 751 N.E.2d 594, 599 (Ill. App. Ct. 2001); *Illinois v. Woods*, 684 N.E.2d 1053, 1058 (Ill. App. Ct. 1997); *Illinois v. Handy*, 664 N.E.2d 1042, 1046 (Ill. App. Ct. 1996). In Frazier's case, the appellate court quoted directly from *Williams* when holding that Frazier could not file a *pro se* brief in addition to the brief filed by his defense counsel. (Dkt. 13-1 at 21). The Illinois state procedural rule was firmly established and regularly followed by the time of Frazier's case.

There are two exceptions to this rule that allow *pro se* filings while represented by counsel. Neither situation applies to Frazier's case. In death penalty cases, despite recognizing that there was no right to hybrid representation, the Supreme Court of Illinois's practice was to allow consideration of *pro se* supplemental briefs. *Illinois v. Barrow*, 749 N.E.2d 892, 913 (Ill. 2001). Illinois also allows a defendant to bring a *pro se* post trial motion alleging ineffective assistance of counsel. *Illinois v. Moore*, 797 N.E.2d 631, 637 (Ill. 2003); *Illinois v. Krankel*, 464 N.E.2d 1045 (Ill. 1984).

This Court must consider whether the state court's application of its rule is "consistent and principled," *Miranda v. Leibach*, 394 F.3d 984, 992 (7th Cir. 2005), in order to insure that state courts are not using procedural rules to defeat the vindication of federal rights. *See Walker*, 562 U.S. at 321. State courts have the right to create principled exceptions and vest their courts with discretion when exercising a state rule. *Beard*, 558 U.S. at 60; *Walker*, 562 U.S. at 320 (explaining that state courts may apply "case specific considerations" to avoid "harsh results that sometimes attend [from] consistent

13

application of an unyielding rule."). There is nothing to suggest that the state appellate court struck Frazier's *pro se* brief in an attempt to discriminate against his federal claims. The court reasoned that, because Frazier did not seek to proceed *pro se* and the court had denied his request for other counsel, that Frazier was opting to continue with the counsel that filed his appeal. (*Id.* at 21-22). It is worth noting that, though the Appellate Court declined to consider the brief in its ruling, the court had before it both Frazier's brief and the government's brief that addressed Frazier's *pro se* arguments. Further, the appellate court acknowledged its own error in allowing the supplemental brief and carefully explaining its reasons for following the state court prohibition on hybrid representation. The ineffective assistance of counsel argument regarding the performance of counsel on direct appeal is procedural defaulted.

This Court however acknowledges the Frazier is now placed in a bind based on initially being permitted by the Illinois Appellate Court to file a *pro se* supplemental brief only to have it struck and now those claims he raised are procedurally defaulted. The courts in this district have not been consistent in resolving the question of whether a petitioner's *pro se* brief that the state court, in its discretion, declines to consider constitutes fair presentment of the claims. *See e.g., United States ex rel. Murithi v. Butler*, 2015 U.S. Dist. LEXIS 35592 (N.D. Ill. Mar. 23, 2015). As noted by the district court in *Murithi*, "[f]urther muddying the waters, the Seventh Circuit has confronted this precise situation and ruled that it qualifies as fair presentment — but in an unpublished, non-precedential order." *Id.* (citing *Kizer v. Uchtman*, 165 F. App'x 465, 467 (7th Cir. 2006) (holding that because the state court had discretion to allow hybrid representation, petitioner's attempt to file a supplemental pro se brief had "raised issues using a method that would allow the court, in its discretion, to consider federal claims of unconstitutionality")).

14

*(c) Excuse for Procedurally Defaulted Claims*

Frazier cannot excuse his defaults with either cause and prejudice or fundamental miscarriage of justice. Regarding cause and prejudice, cause is an "'objective factor, external to [Petitioner] that impeded his efforts to raise the claim in an earlier proceeding.'" *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (quoting *Smith v. McKee*, 596 F.3d 374, 382 (7th Cir. 2010)). Examples of cause include: (1) interference by officials making compliance impractical; (2) the factual or legal basis was not reasonably available to counsel; or, (3) ineffective assistance of counsel. *Guest*, 474 F.3d at 930 (citing *McCleskey v. Zant*, 499 U.S. 467 (1991)). The first two types of cause are not applicable to this case.

Regarding the remaining potential cause of ineffective assistance of counsel, ineffective assistance of counsel is itself a ground that must be exhausted in the state courts or it too is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009). The first two ineffective assistance of counsel arguments are procedurally defaulted.

Respondent does not argue that the last argument alleging ineffective assistance of post-conviction counsel is defaulted. Ineffective assistance of post-conviction counsel can be used to establish cause to excuse a default in a narrow situation. *Trevino v. Thaler*, 133 S. Ct. 1911, 1914 (2013); *Martinez*, 132 S. Ct. at 1320. *Trevino / Martinez* allows a claim of ineffective assistance of counsel in a collateral proceeding to excuse default when: (1) the underlying defaulted claim is ineffective assistance of trial counsel; and (2) state law requires the prisoner to raise in the underlying ineffective assistance of counsel claim on collateral review. *Toliver v. Pfister*, No. 13 C 8679, 2014 WL 4245788, at *5 (N.D. Ill. Aug. 27, 2014) (citing *Trevino*, 133 S. Ct. at 1921; *Martinez*, 132 S. Ct. at 1318).

Frazier cannot take advantage of the *Trevino / Martinez* exception to excuse his default. Frazier could have raised an ineffective assistance of trial counsel claim in a *pro se* post-trial motion

15

under Illinois law. *Toliver*, No. 13 C 8679, 2014 WL 4245788, at *5 (citations omitted). The availability of that remedy prohibits him from showing cause to excuse his default under the *Trevino / Martinez* exception.

Finally, Frazier cannot demonstrate fundamental miscarriage of justice (actual innocence) to excuse his defaults. He claims that he was an innocent bystander who was walking by the victim's apartment when he heard a scream. (Dkt. 15 at 8). He went into the apartment to investigate the scream and that is when the victim shot him. (*Id.*). Frazier explains his finger prints on the cookie tin by saying that he angrily tossed the tin after the victim shot him. He also explains that the police found him in the chair in the apartment because he sat down and told the victim to take him to the hospital after she shot him. Finally, Frazier argues that the gunshot residue test is falsified and the associated testimony about the test was perjured testimony.

To show actual innocence to defeat a default, Petitioner must demonstrate that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995). This is a "demanding" and "seldom met" standard. *McQuiggins*, 133 S. Ct. at 1928 (citing *House v. Bell*, 547 U.S. 518, 538 (2006)). Petitioner must present new reliable evidence that was not presented at trial --- such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence --- to make a credible claim of actual innocence. *House*, 547 U.S. at 537 (citing *Schlup*, 513 U.S. at 324); *see McDonald v. Lemke*, 737 F.3d 476, 483-84 (7th Cir. 2013) (quoting *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) ("[A]dequate evidence is 'documentary, biological (DNA), or other powerful evidence: perhaps some non-relative who place him out of the city, with credit card slips, photographs, and phone logs to back up the claim.'")).

16

Frazier cannot meet the demanding actual innocence standard. He provides no new evidence showing that he is actually innocent. He simply presents a version of events that does not implicate him in the crime. "To allow [Petitioner's] own testimony that he proffers (supported by no new evidence) to open the gateway to federal review of claims that have been procedurally defaulted under state law would set the bar for "actual innocence" claimants so low that virtually every such claimant would pass through it." *Hubbard v. Pinchak*, 378 F.3d 333, 341 (3d Cir. 2004). "This would stand in stark contrast to the caveat of the Supreme Court to exercise restraint and require a 'strong showing of actual innocence,' and its observation that '[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected.'" *Hubbard*, 378 F.3d at 341 (quoting *Calderon v. Thompson*, 523 U.S. 538, 558-59 (1998)). Accordingly, Frazier cannot excuse his procedural defaults. The habeas corpus petition is denied on the merits.

*3. Certificate of Appealability*

The Court denies a certificate of appealability. Petitioner cannot make a substantial showing of the denial of a constitutional right, or that reasonable jurists would debate, much less disagree, with this Court's resolution of Frazier's claims. *Resendez v. Knight*, 653 F.3d 445, 446-47 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

**Conclusion**

The petition for a writ of habeas corpus [1] is denied. The Court declines to issue a certificate of appealability. The Clerk is instructed to: (1) update the docket to reflect that the Respondent is Donald Enloe, Acting Warden, Dixon Correctional Center; (2) alter the case caption to *Frazier v. Enloe*;

17

and, (3) enter a Rule 58 Judgment in favor of Respondent against Petitioner. Any pending motions are moot. Civil Case Terminated.

Entered:

Dated: <u>July 23, 2015</u>

_____
SHARON JOHNSON COLEMAN
United States District Judge